**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHVA ROFFMAN and LISA CHONG, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PERFECT BAR, LLC,<br><br>Defendant. | CASE NO. 3:22-cv-02479-JSC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Hon. Jacqueline Scott Corley<br><br>Hearing Date:    July 28, 2022<br>Hearing Time:   9:00 a.m.<br>Courtroom:       Remote (Zoom) |

Defendant's Request for Judicial Notice (ECF 19) is the latest example of what the Ninth Circuit has recently termed a "concerning pattern." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Unhappy with its chances of defeating Plaintiffs' Complaint on its own terms, Defendant "pile[s] on numerous documents to [its] motion to dismiss" by "exploiting" the judicial notice and the incorporation-by-reference doctrines "to undermine the complaint, and hopefully dismiss the case at an early stage." *Id.* Specifically, Defendant offers email exchanges from attorneys for clients that are not parties to this case to support its legal conclusions. "Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* Accordingly, due to the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine" the Ninth Circuit in *Khoja* clarified when it was appropriate to employ these narrow and limited rules, and neither applies here. *Id.* at 999.

A court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. May 4, 2001). Defendant argues that the email exchanges involving attorneys representing different parties that were submitted in different cases are "reports and records of administrative bodies." However, neither of the cases Defendant cites support its position that a single employee at an agency responding to an email rises to the level of an opinion letter issued by CFSAN (ECF 19 at 3, citing *Von Koenig v. Snapple Bev. Corp*., 713 F. Supp. 2d 1066, 1073 (E.D. Cal. 2010) or a state agency's ruling on a motion to dismiss (ECF 19 at 3, citing *Torrance Redevelopment Agency v. Solvent Coating Co*., 763 F. Supp. 1060, 1066 (C.D. Cal. 1991)).

Moreover, the existence of the email on a docket may suffice to show the existence of that document in other litigation, but does not go so far as to provide facts on which this court can rely. *See Rejoice! Coffee Co., LLC v. Hartford Fin. Servs. Grp*., No. 20-cv-06789-EMC, 2021 U.S. Dist. LEXIS 235263, at *32-33 (N.D. Cal. Dec. 8, 2021) (court may take judicial notice of a public record, but not the facts therein when the facts are in dispute); *see also Lucero v. Wong, No*. C 10-1339 SI (pr), 2011 U.S. Dist. LEXIS 134046, 2011 WL 5834963, *5 (N.D. Cal. Nov. 21, 2011) ("To the extent petitioner wants the existence of published or unpublished

1  cases judicially noticed as adjudicative facts, doing so is of very limited value because the court
2  can take notice that such decisions exist, but the court does not take judicial notice that those
3  decisions are correct"). The courts in the cases where the records defendant seeks to take notice
4  of were originally submitted (*Chong* and *Nacarino*) did not grant the respective defendants'
5  requests for judicial notice. *See Chong v. KIND LLC*, --- F. Supp. 3d ----, No. 21-cv-04528-RS,
6  2022 WL 464149, at *2 (N.D. Cal. 2022); *Nacarino v. Kashi Co.*, No. 21-cv-07036-VC, 2022
7  U.S. Dist. LEXIS 23409, at *12 n.3 (N.D. Cal. Feb. 9, 2022)*; see also Stamas v. County of
8  Made*ra, 2010 U.S. Dist. LEXIS 34945, *9-11 (E.D. Cal. 2010) (rejecting argument that letters
9  to and from counsel were judicially noticeable "public records" because they were "not 'capable
10 of accurate and ready determination'").

11  Rule 201 also prohibits judicial notice of facts "subject to reasonable dispute" or from
12  sources whose accuracy can reasonably be questioned. Fed. R. Evid. 201. Because the emails
13  were exchanged by counsel for parties unrelated to this action, the Court has no way to assess
14  the source's accuracy.  Defendant is also asking the Court to take judicial notice of a disputed
15  fact—namely, that the Email Exchanges set forth the agency's official position. Disputed facts
16  are not appropriate for judicial notice. *See Takla v. Regents of the Univ. of Cal.*, 2015 U.S. Dist.
17  LEXIS 150587, *26-27 (C.D. Cal. Nov. 2, 2015) (declining to take judicial notice of government
18  e-mails because "[w]hether the email in question constitutes an 'official act,' however, is a fact-
19  specific inquiry that this Court declines to conduct at this stage of the proceeding."); *see also
20  Lee*, 250 F.3d at 689; *People with Disabilities Found. v. Colvin*, 2016 U.S. Dist. LEXIS 68122,
21  *7 (N.D. Cal. May 24, 2016).

22  For the foregoing reasons, the Court should deny Perfect Bar's Request for Judicial
23  Notice.

Dated: July 1, 2022

**GUTRIDE SAFIER LLP**

*/s/ Anthony J. Patek*
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiffs*