UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEHVA ROFFMAN, et al.,

    Plaintiffs,

v.

PERFECT BAR, LLC,

    Defendant.

Case No. 22-cv-02479-JSC

**ORDER RE: MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. No. 36

Plaintiffs move for leave to file a motion for reconsideration of the Court's September 2, 2022 order granting Defendant's motion to dismiss. (Dkt. No. 36; *see* Dkt. No. 34.) After carefully considering the motion, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-9(d), and DENIES the motion.

Plaintiffs base their motion on Civil Local Rule 7-9(b)(3), "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." They specifically challenge the Court's conclusion that "Plaintiffs' claims based on the theory that Defendant's front-label protein claims are misleading without the corresponding PDCAAS figures on the nutrition facts panel are expressly preempted." (Dkt. No. 34 at 11–12.) Under this theory, Defendant's claims violate the FDCA's prohibition on food labeling that is "false or misleading." 21 U.S.C. 343(a); 21 C.F.R. § 101.13(i)(3).

Plaintiffs re-cite three cases from their original opposition in which, they contend, district courts found such a theory not expressly preempted. But they mischaracterize two. *See Swartz v. Dave's Killer Bread, Inc.*, No. 4:21-cv-10053-YGR, 2022 WL 1766463, at *5–6 (N.D. Cal. May 20, 2022) (dismissing this theory on reliance grounds, granting leave to amend, and not addressing preemption); *Brown v. Natures Path Foods, Inc.*, No. 21-cv-05132-HSG, 2022 WL 717816, at *6–

7 & n.6 (N.D. Cal. Mar. 10, 2022) (concluding that theory that front-label nitrogen-method protein claim was misleading conflicted with FDCA allowing such a claim without a corresponding PDCAAS figure). And the Court acknowledged the third in its order, (Dkt. No. 34 at 12), but respectfully disagreed. *See Brown v. Van's Int'l Foods, Inc.*, No. 22-cv-00001-WHO, 2022 WL 1471454, at *6 (N.D. Cal. May 10, 2022). Plaintiffs' disagreement with the Court's conclusion is not a basis for reconsideration.

Because FDA regulations prohibit misleading labeling, *see* 21 C.F.R. § 101.13(i)(3), and permit a nitrogen-method figure to appear on a nutrition facts panel without any other information about protein anywhere on the product, *see id.* § 101.9(c)(7), the nitrogen-method figure is not misleading under the FDA regulations. *See Nacarino v. Kashi Co.*, 584 F. Supp. 3d 806, 809–10 (N.D. Cal. 2022). Thus, to find that the nitrogen-method figure is misleading would conflict with FDA regulations which permit a manufacturer to use a nitrogen-method figure. *See Hawkins v. Kroger Co.*, 906 F.3d 763, 769–770 (9th Cir. 2018). To hold otherwise would mean that the FDA regulations expressly allow a misleading protein claim, a holding which this Court is not prepared to make. Accordingly, Plaintiffs' motion is DENIED.

This Order disposes of Docket No. 36.

**IT IS SO ORDERED.**

Dated: October 5, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge